**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Lirit A. King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, California 91361
Telephone:   (805) 270-7100
Facsimile:    (805) 270-7589
E-Mail: mbradley@bradleygrombacher.com
            kgrombacher@bradleygrombacher.com
            lking@bradleygrombacher.com

Attorneys for Plaintiff, FERNANDA TORRES, individually
and on behalf of other individuals similarly situated

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDA TORRES, individually and on behalf of other individuals similarly situated,<br><br>                          Plaintiff,<br>  v.<br><br>AMAZON.COM SERVICES, LLC, a Delaware corporation; AMAZON.COM, INC., a Delaware Corporation<br><br>                          Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR:**<br>1.  Violation of Cal. Labor Code Section1030 *et seq,*<br>2.  Violation of Cal. Labor Code § 226.7;<br>3.  Wage Statement Violations (California Labor Code §226a);<br>4.  Violations of California *Business & Professions Code* §§ 17200, *et seq.;*<br>5.  Civil Penalties for Violation of California *Labor Code* §§ 2698-2699;<br>6.  Violations of the Fair Labor Standards Act ("FLSA") §§ 201 et seq.;<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff FERNANDA TORRES, (hereinafter collectively referred to as "Plaintiff"), hereby submits her Class Action Complaint ("Complaint") against Defendants AMAZON.COM SERVICES, LLC, a Delaware corporation and AMAZON.COM, INC., a Delaware corporation (hereinafter collectively referred to as "Amazon" or "Defendants") on behalf of herself and the class of all other similarly situated current and former employees of Defendants.   Plaintiff brings this action upon information and belief, except as to their own actions, the investigation of Plaintiff's counsel, and the facts that are a matter of public record, as follows:

## INTRODUCTORY FACTUAL ALLEGATIONS

1.    This is a class action challenging Amazon's systemic failure to provide State and Federally mandated accommodations to postpartum female employees who have returned to work but must pump breastmilk in order to bottle feed their babies.

2.    As stated in the *International Journal for Equity Health, April 29, 2021* Breastfeeding is the best source of infant nutrition and contributes to maternal health. The World Health Organization (WHO) and the United Nations International Children's Emergency Fund (UNICEF) recommend to exclusively breastfeed during the first six months of life and to continue breastfeeding with complementary foods at least until the age of 2.

3.    While some woman cannot breastfeed, many choose to do so to provide food and nutrition to their babies.

4.    Women with infants and children are the fastest growing segment of the U.S. labor force. In 2021, 63.1 percent of mothers with children under age 3 participated in the labor force[1].   "Maternal employment without adequate support has been previously described as a barrier to breastfeeding.   Work-related issues have been identified as a major reason of why mothers do not initiate breastfeeding or wean their babies sooner. Without safeguards

---

[1] https://www.bls.gov/news.release/famee.nr0.htm; https://www.bls.gov/news.release/famee.t06.htm

CLASS ACTION COMPLAINT

for mothers to effectively enforce their choice to optimally breastfeed, women in the labor force and their babies will keep facing inequities in terms of infant nutrition and employment choices, and the right of women to combine motherhood and professional development would be jeopardized"[2].

5.     To address this issue, the Patient Protection and Affordable Care Act, amended the FLSA on March 23, 2010, to require employers to provide a nursing mother reasonable break time to express breast milk after the birth of her child. The amendment also requires that employers provide a place for an employee to express breast milk[3].

6.     California Senate Bill No. 142 was signed by Governor Newsom on October 10, 2019 and enacted in January, 2020 requiring employers to provide a reasonable amount of break time to accommodate an employee desiring to express breast milk for the employee's infant child each time the employee has need to express milk (Cal. Labor Code § 1030). [4]  Employers must also make reasonable efforts to provide lactating mothers with the use of a room or other location for the employee to express milk in private in a location where the employee normally works if it otherwise meets the requirements of this section.  Furthermore, a lactation room or location shall not be a bathroom and shall be in close proximity to the employee's work area, shielded from view, and free from intrusion while the employee is expressing milk.  Under Labor Code § 1031, a lactation room or location shall comply with all of the following requirements including (1) being safe, clean, and free of hazardous materials, as defined in Section 6382; (2) a surface to place a breast pump and personal items; (3) a place to sit; (4) access to electricity or alternative devices, including, but not limited to, extension cords or charging stations, needed to operate

---

[2] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC8082937/

[3] https://www.dol.gov/agencies/whd/nursing-mothers/law

[4] https://leginfo.legislature.ca.gov/faces/billNavClient.xhtml?bill_id=201920200SB142

CLASS ACTION COMPLAINT

an electric or battery-powered breast pump.  An employer shall also provide access to a sink with running water and a refrigerator suitable for storing milk in close proximity to the employee's workspace. If a refrigerator cannot be provided, an employer may provide another cooling device suitable for storing milk, such as an employer-provided cooler.

7.    Amazon is one of the largest companies in the world, and though it undoubtedly has the resources to comply with such regulations, it chooses instead to blatantly flout these rules.

8.    As set forth below, Defendants illegal and widespread conduct has led to direct harm to the class of mothers working for them.  Defendants' policies have been willfully implemented to harm women who breast feed their infants, resulting in lost wages, discriminatory policies, and violations of the California Labor Code along with the Fair Labor Standards Act.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), which confers original jurisdiction to the district courts "of any civil action in which the matter in controversy exceeds the or value of $5,000,0000, exclusive of interests and costs, and is a class action in which-any member of the class of Plaintiff is a citizen of a State different than the defendant.".  Plaintiff is informed and believes that there are more than one hundred class members, they reside in different State from the Defendant, and the amount in controversy exceeds five million dollars.

10.    Furthermore, this Court has general federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 since Plaintiff has brought claims pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq.  This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

///

1    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

2    Defendants operate a business in this district, is registered to do business in this

3    district, employs numerous workers in this district, including Plaintiff, and a

4    substantial part of the events giving rise to Plaintiff's claims occurred within

5    this judicial district. Accordingly, Defendants are subject to general personal

6    jurisdiction.

7    **THE PARTIES**

8    11.   Plaintiff FERNANDA TORRES ("Plaintiff" or "Ms. Torres") is a

9    resident of Riverside County, in the State of California.   Plaintiff is a current

10   employee of Amazon.   Plaintiff was the mother of a five-month-old infant that was

11   primarily breast fed when she began her employment with Amazon in August, 2021.

12   12.   Plaintiff was hired as a fulfillment center associate at Defendants'

13   Beaumont, California facility. Ms. Torres began her employment on August 2, 2021

14   and was classified by Amazon as a non-exempt employee, pursuant to the provisions

15   of the California *Labor Code*, and the orders and standards promulgated by the

16   California Department of Industrial Relations, Industrial Welfare Commission, and

17   Division of Labor Standards.

18   13.   Defendant Amazon.Com Services LLC is an online shopping platform

19   with distribution warehouses located throughout California.  Defendant Amazon.Com

20   Services, LLC. conducts business in California, and is a Delaware Corporation.

21   14.   Defendant Amazon.Com, Inc. is a Delaware corporation with its

22   principal place of business in Seattle, Washington.  Through its subsidiaries, Amazon

23   owns and operates the Amazon.com website and equivalent international websites.

24   Amazon also operates distribution centers, including in California, to sell and

25   distribute goods sold on its website.  Defendant Amazon.Com, Inc. conducts business

26   in California.

27   15.   Plaintiff is informed and believes, and based thereon alleges, that at all

28   times material hereto, each of the Defendants named herein were the agent, employee,

alter ego and/or joint venture of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

16.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

17.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

18.     The members of the Plaintiff Class, including the representative Plaintiff named herein, have been employed during the Class Period in California. The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California and the United States.

## FACTUAL ALLEGATIONS

### A.  Amazon is One of the Largest Employers in the World

19.     Amazon is the second largest employer in the United States of America with 1.62 million workers[5].  As of 2020, Amazon had 153,000 full- and part-time employees in California as of the fourth quarter of 2020, more than the 80,000

---

[5] https://www.latimes.com/business/story/2022-05-03/amazon-plans-2500-office-jobs-in-southern-california

Amazon employees in the company's home state of Washington. [6] As of 2022, Amazon had added 2,500 additional employees to its California workforce. [7]

### B. "Breast Milk Is Best[8]"

20.     While there are a number of women for whom breastfeeding is not an option, according to the Center for Disease Control, "breast milk is the best source of nutrition for most babies[9]."

21.     There are a number of touted benefits of breastfeeding, including:

  a.  Breastfeeding can help protect babies against some short- and long-term illnesses and diseases.

  b.  Breastfed babies have a lower risk of asthma, obesity, type 1 diabetes, and sudden infant death syndrome (SIDS). Breastfed babies are also less likely to have ear infections and stomach bugs.

  c.  breast milk shares antibodies from the mother with her baby.

  d.  Breastfeeding can reduce the mother's risk of breast and ovarian cancer, type 2 diabetes, and high blood pressure.

  e.  Breastfeeding can reduce by up to 64% the risk of Sudden Infant Death Syndrome (SIDS), and up to 40% overall infant deaths[10].

22.     The American Academy of Pediatrics ("AAP") recommends exclusive

---

[6] https://www.geekwire.com/2021/california-eclipses-washington-amazons-biggest-state-jobs-153k-employees-counting/

[7] https://www.latimes.com/business/story/2022-05-03/amazon-plans-2500-office-jobs-in-southern-california

[8] Johns Hopkins Medicine, https://www.hopkinsmedicine.org/health/conditions-and-diseases/breastfeeding-your-baby/breast-milk-is-the-best-milk#:~:text=Compared%20with%20formula%2C%20the%20nutrients,growth%20and%20nervous%20system%20development.

[9] https://www.cdc.gov/nccdphp/dnpao/features/breastfeeding-benefits/index.html#:~:text=Breastfeeding%20can%20help%20protect%20babies,ear%20infections%20and%20stomach%20bugs.

[10] A-d: https://www.cdc.gov/nccdphp/dnpao/features/breastfeeding-benefits/index.html#:~:text=Breastfeeding%20can%20help%20protect%20babies,ear%20infections%20and%20stomach%20bugs.; e: https://www.healthychildren.org/English/ages-stages/baby/breastfeeding/Pages/Where-We-Stand-Breastfeeding.aspx

7

breastfeeding for about 6 months, and then continuing breastfeeding while introducing complementary foods until a child is 12 months old or older.[11]

### C.  For Many Women Work Can Be a Barrier To Breastfeeding

23.     As the comments to SB142[12], noted, "[r]esearch by the United States Breastfeeding Committee suggests that approximately half of new mothers enter the workforce before their child is one year old. This causes many women to stop breastfeeding before the American Academy of Pediatrics recommended six months, at a cost to the employee, the employer and the child.[13]"

24.     As the United States Surgeon General noted in its 2011 Call to Action to Support Breastfeeding, "[e]mployed mothers typically find that returning to work is a significant barrier to breastfeeding.[14]"

25.     As the Surgeon General observed, "[w]hen mothers who do not have a private office at work do not have a place to breastfeed or express breast milk, they may resort to using the restroom for these purposes, an approach that is unhygienic and associated with premature weaning.[15]"

### D. In Order to Meet the Nutritional Demands of Their Babies, Maintain Milk Levels and Prevent Engorgement Working Mothers Must Pump Breast Milk

26.     According to the Food and Drug Administration ("FDA"), tasked with regulating the devices, breast pumps are medical that can be used to maintain or increase a woman's milk supply, relieve engorged breasts and plugged milk ducts, or

---

[11] https://www.healthychildren.org/English/ages-stages/baby/breastfeeding/Pages/Where-We-Stand-Breastfeeding.aspx

[12] SB142 was codified as Labor Code section 1030.

[13] 2019 CA S.B. 142 (NS)

[14] https://www.ncbi.nlm.nih.gov/books/NBK52688/

[15] Id.

1  pull out flat or inverted nipples so a nursing baby can latch on more easily[16].

2      27.      Breast pumps include a breast shield that fits over the nipple, a pump that

3  creates a vacuum to express (or pump) milk, and a detachable container for collecting

4  milk[17].

5      28.      Pumps can be manual or powered. Powered pumps can use batteries or a

6  cord that plugs into an electrical outlet[18].

7      29.      Double pumps extract milk from both breasts at the same time, while

8  single pumps extract milk from one breast[19].

9



**A. Breast shield:** Cone-shaped cup that fits over the nipple and surrounding area.

**B. Milk container:** Detachable container that fits below the breast shield and collects milk as it is pumped.

**C. Pump:** Creates the vacuum that expresses milk. The pump may be attached to the breast-shield or have plastic tubing to connect the pump to the breast shield.

---

[16] https://www.fda.gov/consumers/consumer-updates/what-know-when-buying-or-using-breast-pump#:~:text=Breast%20pumps%20are%20medical%20devices,can%20latch%20on%20more%20easily.

[17] Id

[18] Id.

[19] Id.

30.     In the United States moms typically return to work between 3 and 6 months postpartum, which means babies that age need about 3 to 4 ounces per feed. Breastfed babies tend to top off at 4 ounces around 5 to 6 months of age, and rarely need more than that at one feeding[20].

31.     A typical pumping session will last at least 15-20 minutes although some women need more[21].

32.     Electrical pumps typically allow a lactating mother to express more milk in the same amount of time than a battery operated or manual pump, making it ideal for working mothers who have limited time to pump[22].

33.     The FDA recommends cleaning and disinfection of breast pumps between uses. In general, steps for cleaning include[23]:

    a. Rinsing each piece that comes into contact with breast milk in cool water as soon as possible after pumping;

    b. Washing each piece separately using liquid dishwashing soap and plenty of warm water;

    c. Rinsing each piece thoroughly with hot water for 10 to 15 seconds; and

    d. Placing the pieces on a clean paper towel or in a clean drying rack and allowing them to air dry.

---

[20] https://www.ingridandisabel.com/blogs/all/faq-guide-for-pumping-going-back-to-work

[21] https://www.whattoexpect.com/pumping-breast-milk.aspx#:~:text=Aim%20to%20spend%2015%20to,breast%20flanges%20after%20every%20use.

[22] "Although hand expression is often recommended as an alternative to pumping, the few randomized trials comparing these methods have consistently demonstrated the superiority of electric breast pumps over hand expression for purposes of effective and efficient HM removal." https://www.ncbi.nlm.nih.gov/pmc/articles/PMC4920726/#R24

[23] https://www.fda.gov/consumers/consumer-updates/what-know-when-buying-or-using-breast-pump#:~:text=Breast%20pumps%20are%20medical%20devices,can%20latch%20on%20more%20easily.

34.     "It's barbaric to expect a woman to pump in a closet or in a handicapped stall," said Senior. "The sad thing is that a small gesture from a company can go a long way. All that's really needed is a room with a locked door, a reclining chair, and maybe a mini fridge. That's really not all that much to ask.[24]"

### E. Women Who Are Impeded From Pumping Can Suffer Pain & Discomforting Leading to Medical Problems and Reduced Milk Supply

35.     If a woman experiences a sudden change in how often she can nurse, she may experience engorgement.  Engorgement happens when milk isn't fully removed from the breast.

36.     According to the United States Department of Agriculture, Engorgement is uncomfortable, and it can lead to other issues like plugged ducts or a breast infection. It also can slow or lower a woman's milk supply, because her body is not getting the message to make more milk. As such, the USDA recommends "[b]reastfeeding or expressing milk every 2-3 hours" and taking good care of yourself can help prevent engorgement.

37.     Mastitis is a bacterial infection that can result from engorgement. If a woman can't pump, engorgement can lead to plugged ducts, mastitis and even abscesses, sometimes requiring hospitalization and intravenous antibiotics. One study found that approximately 1 in 10 breast-feeding mothers experienced mastitis in the first month of breast-feeding — and that was in Nepal where far fewer women had to navigate work schedules or similar barriers[25].

38.     An earlier study in Australia found 27 percent of breast-feeding mothers developed mastitis. Severe mastitis can develop into sepsis — blood poisoning — and

---

[24] Jennifer Senior, author of the best-selling *All Joy and No Fun: The Paradox of Modern Parenthood* to Fast Company, "The Horrors Of Pumping Breast Milk At Work (And Why Employers Should Care)"; https://www.fastcompany.com/3041277/the-horrors-of-pumping-breast-milk-at-work-and-why-employers-should-care
[25]     https://www.npr.org/sections/health-shots/2016/05/26/479288270/women-who-have-to-delay-pumping-risk-painful-breast-engorgement

require intensive care.[26] Abscesses can require surgery and extra time for wounds to heal. These medical costs can mount up for the woman and her employer if she has employer-provided health insurance, and reduce work productivity.

39.    Even if women don't develop these problems, trying to pump while already engorged can cause nipple trauma and bruising[27]. Further, as few as four consecutive days of inadequate pumping breaks can reduce a mother's milk supply, Parker says, but it takes much longer to bring supply back up — if it ever comes back up. Even if women don't develop these problems, trying to pump while already engorged can cause nipple trauma and bruising. Further, as few as four consecutive days of inadequate pumping breaks can reduce a mother's milk supply, Parker says, but it takes much longer to bring supply back up — if it ever comes back up.[28]

**Plaintiff's Experience**

40.    Ms. Torres was the mother of a five-month-old infant that was primarily breast fed when she began her employment with Amazon in August, 2021.   She was hired as a fulfillment center associate at their Beaumont, California facility.

41.    Ms. Torres began her employment on August 2, 2021 and was classified by Amazon as a non-exempt employee, pursuant to the provisions of the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards.

42.    On her first day, Ms. Torres reached out to her supervisors to let her know she would need lactation accommodations.  Ms. Torres was assured of such accommodations; however, Plaintiff quickly discovered that Amazon failed to provide accommodations to lactating employees. For example, the four-story, 640,000 square foot fulfillment center wherein Amazon employs more than 1,000 associates only

---

[26] Id.

[27] Id.

[28] Id.

CLASS ACTION COMPLAINT

dedicates one 6 foot by 6 space for its lactating employees.  The Beaumont pumping room is located on the ground floor of a large warehouse that is over a ten-minute walk from most work stations of employees.  Many employees cannot even access the room in the five minutes they are permitted for breaks, let alone pump.  Plaintiff estimates travel time to and from the station is approximately eight minutes each way, plus approximately the fifteen to twenty minutes it takes to pump and clean supplies.

43.     Plaintiff was informed if she went over five minutes for bathroom or rest break, she would be docked pay as Amazon monitored her scanning activity or face termination for unaccounted time.  As a result, Ms. Torres would only pump during her meal break to avoid such wage penalties.   However, she often suffered engorgement or was unable to pump due to long lines during the thirty minutes afforded for lunch so would have to take extended non paid breaks.

44.     Ms. Torres, along with herself, is informed and believes that other employees in the Plaintiff class were forced to take similar longer nonpaid breaks in order to travel to areas such as their car or other isolated areas where they could effectively pump.  It was difficult for Plaintiff and other members of the class to find suitable areas that were private and which were equipped with electrical outlets necessary to operate their pumps.

45.     Plaintiff witnessed other employees, similarly situated as herself, who were unable to express milk for their infants as a result of the unlawful policies promulgated by Defendant.

46.     Plaintiff informed Human Resources several times of the untenable situation in the "Lactation room" to no avail.  Instead, when Plaintiff returned to work, she was told she would have to work a reduced 32-hour work week instead of a 40 hour work week to accommodate

47.     Defendants did not take any action to make the lactation area lawful under California Labor Code Sections 1030-1034.

///

*Facts Regarding Willfulness*

48.     Plaintiff is informed and believes, and based thereon allege, that Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California labor laws.

49.     Plaintiff is informed and believe, and based thereon allege, that at all relevant times, Defendants had a consistent policy or practice of failing to provide lactation accommodations for the Plaintiff Class members, including Plaintiff.

50.     Plaintiff is informed and believe and based thereon allege that at all relevant times, Defendants knew or should have known, that the Plaintiff Class members, including Plaintiff, were and are entitled to lactation accommodations.

*Plaintiff's Exhaustion of Administrative Remedies*

51.     Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* § 2699.3.

52.     By letter dated March 29, 2022 Plaintiff sent required notice to the Labor and Workforce Development Agency ("LWDA") and Defendant of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

53.     More than sixty-five (65) days have passed since the notice was mailed to Defendant and the LWDA, and the LWDA has not notified Plaintiff of its intent to investigate the allegations herein.

*Unfair Business Practices*

54.     Defendant has engaged in, and continue to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlined above.

55.     Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

56.     Defendants' utilization of such unfair business practices deprives

Plaintiff and Plaintiff Class Members of the general minimum working standards and entitlements due them under California law and the Industrial Welfare Commission wage orders as described herein.

57.    As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform its obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

<u>**CLASS ACTION ALLEGATIONS**</u>

58.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

59.    Plaintiff brings this action on behalf of herself and all others similarly situated as a class action, pursuant to California *Code of Civil Procedure* §382.  The classes which Plaintiff seeks to represent are composed of, and defined as follows:

<u>**Plaintiff Class**</u>

All persons who have been, or currently are, employed by Defendant in the State of California who are lactating parents, e.g., individuals who express milk for their infant children.  (The Class Period is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter).  The term "non-exempt employee" refers to those who Defendants have classified as non-exempt from the overtime wage provisions of the California *Labor Code.*

The Plaintiff Class ais so numerous that the individual joinder of all members is impracticable.  While the exact

number and identification of the Plaintiff Class is unknown
to Plaintiff at this time, Plaintiff is informed and believes
that the class includes potentially hundreds of members.

60.     Common questions of law and fact exist as to all Class Members, and predominate over any questions affecting solely individual members of the class. Among the questions of law and fact, that are relevant to the adjudication of class members claims are as follows:

    a.   Whether Plaintiff and members of the Plaintiff Class are subject to and entitled to the benefits of California wage and hour statutes;

    b.   Whether Defendant is in violation of California Labor Code § 1030 and § 226.7;

    c.   Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq.*

    d.   Whether Defendants' conduct is in violation of the Fair Labor Standards Act.

61.     The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class and the Nationwide Class.   Plaintiff and Class Members sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff.  Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

62.     Plaintiff is an adequate representative of the proposed classes because she is a member of the class, and her interests do not conflict with the interests of the members she seeks to represent.   Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and her counsel intend to prosecute this action vigorously for the benefit of the classes.  The

interests of the Class Members will fairly and adequately be protected by Plaintiff and her attorneys.

63.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits.  Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.   By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

64.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California *Code of Civil Procedure* § 382 because:

a.  The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants; and

b.  The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

65.     Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

///

## COLLECTIVE ACTION ALLEGATIONS

66.     Plaintiff hereby incorporates each and every allegation contained above and reallege said allegations as if fully set forth herein.

67.     Plaintiff brings Cause of Action 6, the FLSA claim, as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of the following Class of persons (hereinafter the "FLSA Class" or "FLSA Collective Plaintiffs"):

> ### FLSA Class
>
> All current and former that were denied lactation accommodations by Defendant working in the United States within three (3) years of the filing of this class action and the entry of judgment in this case.

68.     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

69.     All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendants are required to maintain by law, including but not limited to employee time clock reports and payroll records.

70.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and job duties, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to adhere to Chapter 29, U.S.C. § 207 (r).  The claims of Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs. Plaintiff alleges that during the FLSA Class Period, they are and were:

(A.) individuals who resided in the United States of America;

(B.) were employed as "non-exempt" employees for Defendants in the United States within the three years preceding the filing of the complaint herein;

(C.) were not provided "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk."

(D.) are members of the FLSA Collective Class as defined in the preceding paragraph in this Complaint; and,

(E.) have signed a consent to sue that shall have been filed in this court.

71.     Amazon is required to provide "reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk." Employers are also required to provide "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." See 29 U.S.C. 207(r). Other non-exempt current or former employee of Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt employees notice of the action and allow them to opt in to such an action if they so choose.

72.     Amazon monitors the scanning activities of its workers.  Pursuant to Amazon policies and practices, employees who take breaks in excess of five minutes may be subject to discipline such as non-payment of wages, termination, or pay reduction. Plaintiff herself suffered reduced hours and thus reduction in wages as a result of the policies.

73.     This Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses

known to Defendants.

## FIRST CAUSE OF ACTION

## FAILURE TO ACCOMMODATE LACTATION- VIOLATION OF CALIFORNIA LABOR CODE §§ 1030-1033

**(By Plaintiff and the Members of the Plaintiff Class Against All Defendants)**

74.    Plaintiff incorporates herein by reference the allegations set forth above.

75.    At all times relevant herein, California Labor Code 1031 provides that "[t]he employer shall make reasonable efforts to provide the employee with the use of a room or other location, other than a toilet stall, in close proximity to the employee's work area, for the employee to express milk in private.  The room or location may include the place where the employee normally works if it otherwise meets the requirements of this section." (Id.)

76.    "Every employer ... shall provide a reasonable amount of break time to accommodate an employee desiring to express breast milk for the employee's infant child. The break time shall, if possible, run concurrently with any break time already provided to the employee. Break time for an employee that does not run concurrently with the rest time authorized for the employee by the applicable wage order of the Industrial Welfare Commission shall be unpaid." Cal. Lab. Code §1033.

77.    At the Amazon facility where Plaintiff performed work, Amazon dedicated only one 6'x6' room in a 640,000 square feet facility to lactation despite housing thousands of employees.  Additionally, the room was located far from her work station.  Plaintiff and other employees were trained and informed that Amazon would docked pay in the event any employee exceeded five (5) minutes for rest breaks as Amazon monitored all employees' scanning activity.  As a result, Ms. Torres could only pump during her meal break to avoid such wage penalties.  Because of Amazon's failure to comply with the provisions of the Labor Code, Plaintiff often suffered pain, discomfort and engorgement and/or was unable to pump due to long lines for the lactation room during the thirty minutes afforded for lunch.

78.     Plaintiff was aware that other similarly situated employees like herself were also unable to pump due to the lack of accommodations.  She estimates that she routinely witnessed at least 15-20 mothers who also needed to use the room at the same time as her.

79.     Defendants' failure to accommodate Plaintiff and the class with a reasonable ability to express milk in private has directly and proximately resulted in harm to Plaintiff and the Class.

80.     Defendant knowingly and willfully refused to perform its obligations to accommodate Plaintiff and the class, in violation of state law.  As a direct result, Plaintiff and the Plaintiff Class have suffered, and continue to suffer damages including lost wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform its obligation under state law, in accordance with Plaintiff's and the Plaintiff Class's respective damage amounts according to proof at time of trial.

81.     Defendants committed such actions knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Plaintiff Class, from improper motives amounting to malice, and in conscious disregard of Plaintiff and the Plaintiff Class's rights.

82.     Labor Code section1033(a) provides as follows: [a]n employer who violates any provision of this chapter shall be subject to a civil penalty in the amount of one hundred dollars ($100) for each violation.  Plaintiff and the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at the time of trial.

83.     The denial of a break or adequate space to express milk may result in the recovery of one hour of pay at the employee's regular rate of pay pursuant to Labor Code § 226.7.

84.     As a proximate result of the above-mentioned violations Plaintiff and the Plaintiff Class have been damaged in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF LABOR CODE § 226.7 FOR FAILURE TO PROVIDE COMPLIANT LACTATION BREAKS

85.     Plaintiff incorporates herein by reference the allegations set forth above.

86.     As set forth above, Defendants have failed to adequately provide for its employees' lactation breaks resulting in unpaid time that breastfeeding mothers spent traveling to alternative breast-feeding locations, unpaid time using manual and electrical pumps, unpaid time waiting for other employees to finish using the limited facility provided for its employees, unpaid time to clean pumping supplies, and unpaid time devoted to breast-feeding employees returning to their stations.

87.     This unpaid time would not be so significant if not for Defendants unlawful conduct in failing to comply with Sections 1030-1032 of the California Labor Code.

88.     Defendants failed to administer the lactation break program to ensure that the lactation space was maintained properly, that there was an orderly and fair scheduling system established for the use of the room, and that adequate accommodations were made for lactating mothers requests for breaks, resulting in its breastfeeding employees incurring unnecessary unpaid time off.

89.     Pursuant to Labor Code Section 1030 every employer must provide a reasonable amount of break time to accommodate an employee desiring to express breast milk for the employee's infant child each time the employee has a need to express milk. The break time shall, if possible, run concurrently with any break time already provided to the employee.  While break time for an employee that does not run concurrently with the rest time authorized for the employee by the applicable wage order of the Industrial Welfare Commission need not be paid, the denial of a break or adequate space to express milk pursuant to Labor Code Section 1033 may result in the recovery of one hour of pay at the employee's regular rate of pay for *each violation* by filing a wage claim under Labor Code section 226.7.

90.     California Labor Code Section 226.7(c) states "If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

91.     Defendants knowingly failed to comply with California Labor Code §226.7 by failing to have compliant lactation accommodations as set forth in the California Labor Code.

92.     Plaintiff and Class Members request recovery and penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California Labor Code.

## THIRD CAUSE OF ACTION

## WAGE STATEMENT VIOLATIONS

**(By Plaintiffs and Members of the Plaintiff Class Against All Defendants)**

93.     Plaintiffs re-allege and incorporate all preceding paragraphs as though fully set forth herein.

94.     California *Labor Code* §226 requires that employers provide its employees with itemized wage statements at the time of payment of wages.  These wage statements must accurately report, among other things, each of the following: (1) gross wages earned; (2) total hours worked by the employee; (3) the rates of pay; (4) the inclusive dates of the period for which the employee is paid, (5) the last four digits of the employees' social security number or employee identification number; and (6) the name and address of the legal entity that is the employer.

95.     Defendants have knowingly and intentionally failed to comply with California *Labor Code* §226(a) on each and every wage statement that should have been provided to Plaintiff and other employees.  Specifically, Defendants failed to

accurate state the number of hours actually worked by Plaintiff and Plaintiff Class Members due to the additional and unnecessary travel time Plaintiff and the class have incurred waiting to pump and traveling to a remote lactation room.  Defendants have also failed to accurate state the gross wages earned.

96.    By failing to keep adequate records as required by §§226 and 1174 (d) of the California *Labor Code*, Defendants have injured Plaintiff and other the class, making it difficult to calculate total wages due, causing losses and expenditures not indemnified by Defendants (including wages, interest, and penalties thereon) due to Plaintiff and other employees.

97.    Specifically, § 1174 of the California *Labor Code* requires defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees. Defendants have knowingly and intentionally failed to comply with California *Labor Code* §1174. Defendants' failure to comply with California *Labor Code* §1174 is unlawful pursuant to California *Labor Code* §1175.

98.    Under California *Labor Code* §226.3, the Court shall require payment of a civil penalty for violation of California *Labor Code* §226(a) or for failure to provide a wage deduction statement equal to two hundred fifty dollars ($250) per employee per violation for the initial violation and one thousand dollars ($1,000) for each subsequent violation.

99.    Plaintiff requests relief as described herein and below.

## FOURTH CAUSE OF ACTION FOR VIOLATIONS OF
## *BUSINESS AND PROFESSIONS CODE* § 17200, etc.

**(By Plaintiff and the Members of the Plaintiff Class, Against All Defendants)**

100.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

101.    Section 17200 of the California *Business and Professions Code* prohibits

any unlawful, unfair or fraudulent business act or practice.

102.   Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein.   Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendants' actions.

103.   The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law.   As such, said conduct amounts to unfair business practices in violation of California *Business and Professions* Code § 17200, *et seq.*

104.   Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them lactation accommodations Labor Code Section 1031.   Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury and loss of money.

105.   Because of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the Plaintiff Class.

106.   During the Class Period, Defendants committed, and continue to commit, acts of unfair competition as defined by § 17200, *et seq.*, of the *Business and Professions Code*, by and among other things, engaging in the acts and practices described above.

107.   Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, etc., of the *Business and Professions Code* in that it is fraudulent, improper and unfair.

108.   The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lactation accommodations outweighs the utility, if any, of Defendants' policies and practices and therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* § 17200.

109.    Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

110.    Defendants' course of conduct described herein further violates California *Business and Professions Code* § 17200 in that it is fraudulent, improper, and unfair.

111.    The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied lactation accommodations.

## FIFTH CAUSE OF ACTION

## CIVIL PENALTIES FOR VIOLATION OF CALIFORNIA LABOR CODE §§ 2698-2699

### (Against Defendants on behalf of Plaintiff and All Other Aggrieved Employees)

112.    Plaintiff incorporates all preceding paragraphs as though fully set for herein.

113.    PAGA permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in California *Labor Code* §2699.5.

114.    PAGA provides as follows: "[n]otwithstanding any other provision of law, a Plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

115.    Defendants' conduct, as alleged herein, violates numerous sections of the California *Labor Code* including, but not limited to, the following:

    a.   Failed to adhere to California *Labor Code* § 1030-1033 by failing to provide reasonable lactation accommodations.

    b.   Failed to provide lawful meal or rest or recovery period in accordance with California *Labor Code* § 226.7;

c.  Failed to provide lawful wage statements in violation of California *Labor Code* 226, 226.3.

116.  Defendants, at all times relevant to this complaint, were employers or persons acting on behalf of an employer(s) who violated Plaintiff and other aggrieved employees' rights by violating various sections of the California *Labor Code* as set forth above.

117.  Pursuant to PAGA, and in particular California *Labor Code* §§ 2699(a), 2699.3, 2699.5, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection civil penalties for Plaintiff, all other aggrieved employees, and the State of California against Defendants, in addition to other remedies, for violations of California *Labor Code* Sections California *Labor Code* §§ 1030, 1031, 1032, 1033.

118.  California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California *Labor Code* § 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

119.  Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* § 2699.3 and SB 836.  By letter dated March 29, 2022, Plaintiff Torres, on behalf of herself and the other aggrieved employees, pursuant to California *Labor Code* § 2699.3, gave written notice by electronic submission to the Labor and Workforce Development Agency ("LWDA") and certified mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

120.  More than sixty-five (65) days have passed since the March 29, 2022 Notice to the LWDA and no response has been received.

///

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

**(Against Defendants on behalf of Plaintiff**
**and Members of the FLSA Class)**

121.   Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

122.   Plaintiff also brings this lawsuit as a collective action under the Fair Standards Labor Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed by Defendants in a non-exempt hourly position during the period commencing three years prior to the filing of this Complaint to and through a date of judgment who qualified as lactating parents.

123.   Amazon is required to provide "reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk." Employers are also required to provide "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk." See 29 U.S.C. 207(r).  To the extent equitable, tolling operates to toll claims by the against the collective employees against the Defendants, the collective statute of limitations should be adjusted accordingly.

124.   This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. §216.

125.   This Collective Action by similarly situated persons under 29 U.S.C. 216(b) is based upon the failure of the named Defendant to provide reasonable lactation accommodations.

126.   The Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims

28

of Plaintiff are similar to the claims of collective employees.

127.    Plaintiff and the members of the FLSA Class are similarly situated, have substantially similar job requirements and pay provisions, and are subject Defendants' common and uniform policy and practice of failing to accommodate employees needing lactation accommodations.

128.    The Plaintiff Class was forced to take longer breaks in order to travel to appropriate areas to take nursing breaks, and was docked pay as a result of the unpaid travel and wait time necessary to express milk.  Plaintiff and the Plaintiff class missed paid work time, and suffered wage loss as a result of being denied breastfeeding accommodations.  As a result of this failure, Plaintiff and the Plaintiff Class were denied unpaid minimum wages and overtime wages.

129.    Defendant is engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

130.    29 U.S.C. §225 provides a three-year statute of limitations applies to willful violation of the FLSA.  The conduct by Defendants which violated the FLSA was willful.

131.    For the purposes of the Fair Labor Standards Act, the employment practices of Defendants were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

132.    As a result of Defendants' failure to provide lactation accommodations, as required by the FLSA, Plaintiff and collective employees were damaged in an amount to be proved at trial, resulting in unpaid time resulting from long waits and travel time necessary to express milk.

133.    As a result of the willful actions of the named Defendants in reckless disregard of the rights of the named Plaintiff and the members of the FLSA Class, have suffered damages.

///

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Class Members pray for judgment as follows:

1. For an order certifying the proposed Plaintiff, Plaintiff Class, and the Nationwide Classes;

2. An order that counsel for Plaintiff be appointed class counsel;

3. Certification of this class action on behalf of the proposed Plaintiff, Plaintiff Class, and FLSA Classes;

4. Designation of Plaintiff as the class representative of the Plaintiff Class; and FLSA Plaintiff Class,

5. For restitution of all monies due to Plaintiff and the members of the Plaintiff Class and disgorgement of all profits from the unlawful business practices of Defendant;

6. A declaration that Defendants' practices violate the California *Labor Code* and California *Business & Professions Code*;

7. Prejudgment and post judgment interest on all sums awarded;

8. For compensatory damages;

9. For penalties pursuant to California *Labor Code* §§ 226, 226.7, 1030-1033;

10. For interest accrued to date;

11. For costs of suit and expenses incurred herein pursuant to California *Labor Code* §§ 22699 (g) (1);

12. For reasonable attorneys' fees pursuant to California *Labor Code* §§ 2699 (g) (1),

13. A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of law:

    a. California *Labor Code* §§ 226.7, 1030-1033;

    b. California *Business & Professions Code* §§ 17200-08 by violating the provisions set forth herein above;

     c.   Disgorgement of profits,

     d.   And exemplary and or punitive damages according to proof.

14. For all such other and further relief that the Court may deem just and proper.

DATED:  July 28, 2022        **BRADLEY/GROMBACHER, LLP**

By:_____
     Marcus J. Bradley, Esq.
     Kiley Lynn Grombacher, Esq.
     Lirit A. King, Esq.
     Attorneys for Plaintiff

### **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED:  July 28, 2022        **BRADLEY/GROMBACHER, LLP**

By: _____
     Marcus J. Bradley, Esq.
     Kiley Lynn Grombacher, Esq.
     Lirit A. King, Esq.
     Attorneys for Plaintiff